UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHILIP MINOR,<br><br>           Petitioner,<br>    v.<br>BRIAN WILLIAMS, et al.,<br><br>           Respondents. | Case No. 2:15-cv-02005-RFB-PAL<br><br>ORDER |

This counseled habeas petition pursuant to 28 U.S.C. § 2254 comes before the Court on respondents' motion to dismiss (ECF No. 18). Petitioner has opposed (ECF No. 21), and respondents have replied (ECF No. 22).

**I.    Background**

Petitioner in this action is a Nevada state inmate challenging a judgment of conviction originally entered, pursuant to a guilty plea, in 1986. (ECF No. 15-2 (Exs. 7-9)). Petitioner did not file any motions or petitions challenging the judgment in state or federal court until 2007, when he filed a motion to correct illegal sentence. (ECF No. 15-3 (Ex. 11)). The motion was denied. (*Id.* at Ex. 13). Petitioner thereafter filed two state habeas petitions, one in 2009 and the other in 2013. (ECF No. 15-5 (Ex. 19); ECF No. 15-8 (Ex. 28)). Both petitions were denied as untimely pursuant to Nevada Revised Statutes § 34.726 and the second was also denied as successive and an abuse of the writ. (ECF No. 15-7 (Ex. 27); ECF No. 15-12 (Ex 45)).

On November 26, 2013, the state court entered a second amended judgment of conviction to credit petitioner with eight more days of presentence jail time. (ECF 15-11 (Ex. 38)). Petitioner

filed a notice of appeal following entry of the second amended judgment. (*Id.* at Ex. 39). The Nevada Supreme Court dismissed the appeal on April 4, 2014, because petitioner had been awarded the relief he had sought and there was thus no appealable order. (ECF No. 15-12 (Ex. 44)).

On September 2, 2014, petitioner filed a third state habeas petition. (ECF No. 15-13 (Ex. 46)). The district court dismissed the petition as untimely, and the Nevada Supreme Court affirmed, finding it both untimely and an abuse of the writ. (ECF No. 15-16 (Ex. 56); ECF No. 15-17 (Ex. 62)). Remittitur issued on the Nevada Supreme Court's decision on July 13, 2015. (ECF No. 15-17 (Ex. 62)).

Petitioner filed the instant federal habeas petition on October 12, 2015. (ECF No. 4 at 1). Respondents move to dismiss the petition as, *inter alia*, untimely.

**II.    Discussion**

**A. Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for federal habeas petitions filed by state prisoners. The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). An untimely state habeas petition is not "properly filed" and thus does not toll the limitations period. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005).

2

It is the second amended judgment of conviction that petitioner challenges in this case, as that is the judgment pursuant to which petitioner is being held. (ECF No. 21 at 4); *Smith v. Williams, Warden*, 871 F.3d 684 (9th Cir. 2017). The one-year statute of limitations to challenge the second amended judgment began to run from the date that judgment became final. *Id.* at 688.

The second amended judgment of conviction was entered on November 26, 2013. Petitioner appealed, and the Nevada Supreme Court dismissed the appeal on April 4, 2014. The Court will assume for the purposes of this motion that petitioner's appeal was appropriate and that the judgment of conviction did not become final until the expiration of the time for direct review, *i.e.*, when the ninety-day time period for filing a petition of writ of certiorari with the United States Supreme Court expired. As such, the clock began running – at the latest – on or about July 4, 2014, and, absent a basis for tolling or delayed accrual, expired on or about July 3, 2015. The instant petition, filed more than three months later, is thus untimely on its face.

Petitioner argues that the third state habeas petition filed on September 2, 2014, and resolved on July 13, 2015, tolled the limitations period during the time it was pending.[1] However, petitioner's third habeas petition did not constitute a "properly filed" state petition for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2) because the state courts held that it was untimely filed. *Pace*, 544 U.S. 408. Petitioner contends that he could not have filed a habeas petition challenging his second amended judgment of conviction until after the second amended judgment of conviction was entered. However, petitioner's challenge herein does not relate to the changes made in the second amended judgment and traces back, instead, to the original judgment of conviction. The state courts' holding that the timeliness of petitioner's petition was measured from the date of the original judgment of conviction and that the third petition was untimely under Nevada state law is "the end of the matter for purposes of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 4 (2007); *Pace*, 544 U.S. at 413–14. Federal decisions such as *Magwood v. Patterson*, 561 U.S. 320 (2010) and *Smith* addressing federal procedural law issues do not govern the state courts' resolution of the state law issues. The *Allen* and *Pace* federal decisions instead state the apposite

---

[1] None of the state habeas petitions filed before the amended judgment was entered tolled the limitations period as the limitations period was not running at any time during their pendency.

3

governing rule, which is that the state courts' state law determination is controlling with regard to the application of statutory tolling under § 2244(d)(2). In this regard, the state supreme court is the final arbiter of Nevada state law. Thus, as the third habeas petition was untimely, it did not toll the federal statute of limitations.

As the statute of limitations expired on July 3, 2015, the instant federal habeas petition is untimely.

### B. Actual Innocence

Petitioner argues that he is actually innocent as means to avoid the procedural bars in his case, including the statute of limitations.

Demonstrating actual innocence is a narrow "gateway" by which a petitioner can obtain federal court consideration of habeas claims that are otherwise procedurally barred, including claims filed after the expiration of the federal limitations period. *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995); *Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir. 2011) (en banc) (A "credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits."); *see also McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In this regard, "actual innocence" means actual factual innocence, not mere legal insufficiency. *See, e.g., Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). "To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. The narrow *Schlup* standard is satisfied only if the new, reliable evidence, together with the evidence adduced at trial, demonstrates that it is more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. *Id.* at 329. It is unclear whether the actual innocence gateway always applies to petitioners who pled guilty. *See Smith v. Baldwin*, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007).

"[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no

juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggen*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Petitioner argues that it is uncontested that he did not fire the shot that killed the victim and that he is liable for, and pled guilty to, first-degree murder only under an aiding and abetting theory. Petitioner argues that pursuant to a subsequent change in Nevada law, his actions no longer qualify as aiding and abetting and thus he is actually innocent of first-degree murder.

At the time of his plea, "aiders and abettors [we]re criminally responsible for all harms that [we]re a natural, probable, and foreseeable result of their actions." *Mitchell v. State*, 971 P.2d 813, 820 (Nev. 1998), *overruled in relevant part by Sharma v. State*, 56 P.3d 868 (Nev. 2002). Subsequent to petitioner's conviction, the Nevada Supreme Court stepped back from *Mitchell* and narrowed the definition of aiding and abetting by holding that "in order for a person to be held accountable for the specific intent crime of another under an aiding or abetting theory of principal liability, the aider or abettor must have knowingly aided the other person with the intent that the other person commit the charged crime." *Sharma*, 56 P.3d at 872. Petitioner argues that under the definition of aiding and abetting set forth in *Sharma*, his actions do not qualify as aiding and abetting first-degree murder because he did not have the requisite specific intent.[2]

Petitioner was charged along with co-defendants Donald Ray Lee, Edward Ray Hampton and Reginald D. Hayes in a ten-count indictment for crimes committed on August 9, 1985, and August 10, 1985. (ECF No. 15-1 (Ex. 2)). The indictment charged the defendants with four counts of attempted murder and with the robbery, kidnapping, conspiracy to commit robbery and/or kidnapping, battery and first-degree murder with use of a deadly weapon of a fifth victim, John Brown. (*Id.*) The indictment charged the defendants with kidnapping Brown for the purposes of committing robbery, then beating, robbing and ultimately murdering him by shooting him with a gun. (*Id.*) While the indictment did not specify which defendant actually pulled the trigger, the

---

[2] Respondents contend that petitioner's argument is a legal claim of actual innocence, not a factual claim of innocence. However, under analogous factual circumstances, the Ninth Circuit has found a petitioner "actually innocent" where petitioner's actions were no longer criminal under a subsequent change or clarification of the law. *Alaimalo v. United States*, 645 F.3d 1042, 1045 (9th Cir. 2011); *see also Vosgien v. Persson*, 742 F.3d 1131, 1135 (9th Cir. 2014).

5

criminal complaint identified the shooter as Lee. (*See id.*; Ex. 1). Petitioner entered a plea of guilty to first-degree murder with use of a deadly weapon, but the other three defendants ultimately went to trial. (*See* Ex. 4).

Petitioner claims that Lee shot and killed Brown of his own initiative and against the wishes of petitioner, Hayes and Hampton. Petitioner claims that after the kidnapping, beating and robbery, all four defendants returned to their vehicle and were getting ready to leave when Lee said he wanted to shoot Brown. Petitioner, Hayes and Hampton pled with him not to. Lee did so anyway while the other three defendants waited in the car. This, petitioner argues, shows that he did not have the specific intent that Brown be murdered.

But even if no juror could have reasonably found petitioner guilty of first-degree murder under an aiding and abetting theory, petitioner has not shown that he is actually innocent of first-degree murder under any other theory, including importantly felony murder, with which he was charged alongside aiding and abetting. (See ECF No. 15-1 at 18-19 (Ex. 2 (charging petitioner with murdering Brown during the perpetration of a robbery and/or kidnapping))).

Under Nevada state law, the felony murder rule subjects all participants in a crime to criminal liability for any murder committed during the chain of events that constitutes an enumerated crime, such as robbery. *See, e.g., Echavarria v. State*, 839 P.2d 589, 599 (Nev. 1992). The crime of robbery includes acts taken to facilitate the perpetrators' escape, and the crime of robbery is not complete until the perpetrators have escaped with their ill-gotten gains. *Echavarria*, 839 P.2d at 599; *Payne v. State*, 406 P.2d 922, 925 (Nev. 1965). "The escape of the robber with his ill-gotten gains by means of arms is as important to the execution of the robbery as gaining possession of the property. . . ." *State v. Fouquette*, 221 P.2d 404, 416 (Nev. 1950). The determination of when the chain of events constituting a crime is completed is a question for the jury, and it turns upon the facts and circumstances of each case. *Payne*, 406 P.2d at 924 & 925.

In *Fouquette*, the state supreme court stated either as an alternative holding or as quite extensively-reasoned dicta that the defendant could be found guilty under the felony murder rule even if he murdered the victim thirty minutes after securing possession of the robbery proceeds at a service station, where he took the attendant with the money bag in a vehicle to another location.

*See* 221 P.2d at 415-17; *see also Archibalo v. State*, 77 Nev. 301, 303 & 304-05, 362 P.2d 721, 721 & 722 (1961) (relying upon *Fouquette*, the state supreme court held that a murder of a service station attendant who was robbed in California and then abducted to and later killed in Nevada was committed in perpetration of the robbery for purposes of the felony murder rule).[3] In *State v. Williams*, 28 Nev. 395, 82 P. 353 (1905), the state supreme court rejected a contention that the evidence was insufficient under the felony murder rule "because the shooting was not done until about two minutes after the robbery." The court rejected the argument because, *inter alia*, the shooting "occurred as part of a continuous assault, lasting from the robbery to the shooting, and apparently was done for the purpose of preventing detection." *Id*.

A reasonable juror could find petitioner guilty beyond a reasonable doubt of first-degree murder under Nevada's felony murder rule because the murder was committed within minutes of the robbery and could have been done as a means of avoiding detection. The only specific intent needed to establish liability for felony murder is the specific intent to commit the underlying crime, here robbery and/or kidnapping. *See State v. Contreras*, 46 P.3d 661, 662 (Nev. 2002). That has been clearly established in this case by Hayes' testimony indicating petitioner initiated the kidnapping and/or robbery, (Case No. 3:05-cv-378-ECR-RAM, ECF No. 57-13 (Ex. 46 (Tr. 1671-75))), and petitioner's admission that he participated in the robbery, (s*ee* ECF No. 15-2 (Ex. 7)) and has not been persuasively contradicted by any evidence provided by petitioner. Accordingly, petitioner cannot establish that no reasonable juror would have found him guilty beyond a reasonable doubt of first-degree murder pursuant to the felony murder rule under Nevada state law. With no other basis for tolling or to support his actual innocence, the petition is untimely and must be dismissed.

### III. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-

---

[3] Kidnapping did not become an enumerated felony for first-degree murder under the Nevada murder statute until 1973. *Compare* Nev. Rev. Stat. § 200.030, *as amended through* 1967 Laws, c. 523, § 438, at p. 1470, with Nev. Rev. Stat. § 200.030, *as amended by* 1973 Laws., c. 798, § 5, at pp. 1803–04. The state supreme court's analysis in both *Fouquette* and *Archibalo* therefore necessarily was based upon robbery being the enumerated felony for purposes of the felony murder rule, and that in fact was the rationale applied by the court in both cases.

951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551–52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.*; 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* When the petitioner's claim is denied on procedural grounds, a certificate of appealability should issue if the petitioner shows: (1) "that jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

The Court concludes that reasonable jurists would not find the Court's dismissal of the petition as untimely to be debatable or wrong, for the reasons stated herein. Accordingly, the Court will deny petitioner a certificate of appealability.

### IV. Conclusion

In accordance with the foregoing, IT IS THEREFORE ORDERED that respondents' motion to dismiss the petition as untimely (ECF No. 18) is GRANTED. The petition in this case is therefore DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that petitioner is DENIED a certificate of appealability.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

IT IS SO ORDERED.

DATED: March 20, 2019.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE